IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMANDA M. SIMONS,<br><br>    Plaintiff,<br><br>vs.<br><br>JON HUNTSMAN, Governor of the State of Utah, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:05 CV 576 TS |

Plaintiff Amanda Marie Simons brings a §1983 Complaint against various state officials, employees and judges seeking to overturn Orders from the states of Utah and Minnesota regarding child custody and parental rights.[1] This court does not have subject matter jurisdiction over this case and it must be dismissed.

As Simons proceeds *pro se,* the Court must construe her pleadings liberally and hold her submissions to a less stringent standard than formal pleadings drafted by

---

[1]She also names as defendants the President of the United States, all members of any state and federal judicial or executive branch, and any person who has acted as a foster or adoptive parent.

1

lawyers.[2]  Although their pleadings are liberally construed, *pro se* parties must comply with the same procedural rules that govern all other litigants.[3]

Federal courts are courts of limited jurisdiction and Simons' complaint must establish jurisdiction before this Court may proceed.[4]  This Court has an independent duty to examine its own subject matter jurisdiction.[5]  Further, because Simons was granted permission to proceed *in forum pauperis*, the provisions of § 1915 are applicable and require this Court to dismiss the claim if it determines that it fails to state a claim or is frivolous.[6]  A claim is frivolous if it lacks an arguable basis in either law or fact.[7]

Having reviewed the Complaint and Simons' attached Affidavit, the Court finds that it alleges wrongdoing by various persons in connection with the state court decisions to remove one or more children from her custody and place them in foster care in Utah or

---

[2] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)

[4] *Roberts v. Hartz,* 113 Fed.Appx. 306, 312 (10th Cir. 2004) ("[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.")(quoting *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995)).

[5] Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

[6] Section 1915 requires that this court dismiss the case at any time it if determines that the action is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

[7] *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

Minnesota.  As remedies, Simons seeks to have them returned to her custody[8] and also seeks damages.

To determine if it has jurisdiction, the Court considers the allegations in the Complaint as true, and then whether the allegations, if proven, would be sufficient to establish subject matter jurisdiction in the district court.[9]  But "conclusory allegations, unwarranted inferences, or legal conclusions" do not establish jurisdiction.[10]

"Federal courts do not have subject matter jurisdiction over § 1983 claims that effectively seek appellate review of state court child custody determinations."[11]  Federal courts lack jurisdiction over "the whole subject of the domestic relations of . . . parent and child."[12]

Further, a §1983 action attacking state court child custody and parental rights decisions and seeking damages for matters found to be proper under state law are barred by the *Rooker-Feldman* doctrine,[13] because they would involve this Court in reviewing and re-litigating issues decided by state courts.[14]

---

[8] *E.g.* Complaint at ¶ 54.

[9] *Hartz,* 113 Fed.Appx. at 312 .

[10] *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir.1994).

[11] *Crawford v. Wilker*, 2005 WL 2660501 (10th Cir. 2005).

[12] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

[13] The doctrine is named for the cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[14] *Atkinson-Bird v. Utah*, *Div. of Child and Family Services,* 92 Fed.Appx. 645 (10th Cir. 2004) (citing *Roman-Nose v. N.M. Dep't of Human Serv.*, 967 F.2d 435, 437

Accordingly, the Complaint must be dismissed for lack of jurisdiction. The dismissal is without prejudice to re-filing in state court. But "any attempt by plaintiff to refile this case in federal court will be conclusively barred by [this] jurisdictional ruling."[15]

It is therefore

ORDERED that the Complaint is DISMISSED for lack of jurisdiction and all of Plaintiff's claims are DISMISSED without prejudice to re-filing in state court. The clerk of court is directed to close this case.

DATED  October 28, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

(10th Cir. 1992)).

[15]*Id*. (citing *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1210 (10th Cir. 2001).